## Case No. 14,708.

### UNITED STATES v. CALDWELL.

#### [2 Dall. 333.]

Circuit Court, D. Pennsylvania. 1795.

WITNESSES—FAILURE TO OBEY SUBPŒNA—ATTACHMENT.

[1. Judges of a county court are not excused from obeying a subpœna to appear as witnesses, on the ground that the judges of the state supreme court are holding a nisi prius court in the county, and that the occasion seems to require respectful attention to them on the part of the county judges; and in case of a failure to obey the subpœna an attachment will issue.]

[2. Prior service of a subpœna upon a witness who fails to appear is an indispensable requisite to awarding an attachment against him.]

[Cited in The Laurens, Case No. 8,122; Dreskill v. Parish, Id. 4,076.]

This was an indictment for a misdemeanor committed in Northumberland county, in which a subpœna had issued, on the part of the defendant, to summon Samuel M'Clay, Esq., and John M'Pherson, Esq., associate judges of the county courts of Northumberland, to appear in the circuit court as witnesses on the 4th of May. The subpœna was served on Mr. M'Clay on the 28th of April, and on Mr. M'Pherson the next day. E. Tilghman now produced an affidavit, "that they were material witnesses, without the benefit of whose testimony, the defendant apprehended and believed he could not safely proceed to trial;" and moved for a postponement, not only in this case, but, also, in cases of Montgomery,

Lang and Stockman; in which, to save expence, no subpœna had issued, though the same persons were material witnesses for the respective defendants.

Mr. Rawle, the district attorney, objected, that from the 4th of May, when the subpœna was returnable, a sufficient time had elapsed to have brought the witnesses to Philadelphia upon an attachment; but he consented to consider the subpœna as having issued in all the causes. There was no legal necessity for the witnesses, merely because they were county judges, to attend the nisi prius of the supreme court, which is alleged in excuse for their absence; and as this is not a capital case, the application for delay is not entitled to be treated with any peculiar indulgence.

E. Tilghman replied, that the subpœna had been served in a reasonable time; and, although no attachment had been moved for, it is some excuse for the defendant, that he expected the trials for treason would first come on; and for the witnesses, that their official situation seemed to prescribe a respectful attention to the judges of the supreme court, who were then holding a court of nisi prius, in the county of Northumberland. But after the oath which the defendant has taken, the court will not presume, that his application for delay is without just cause; and if there is just cause, they will not compel him to proceed to a trial, under such disadvantages. Besides, it is not desired, to put off the trial till the next term, but only for a few days, that an express may be sent for the witnesses; as with the benefit of their testimony it is immaterial to the defendant when he shall be tried. Though, if the delay is limited to a few days, it will be necessary, in order to remove all future cavil, to move for an attachment against the witnesses.

BY THE COURT:—We have no hesitation in granting the indulgence of a delay for a few days. The cause may, therefore, be continued till this day week; and, in the meantime, let the attachment issue; but it can only be in the case, in which the subpœna has been actually served. The practice must always be strict in the previous stages of the business, before an attachment can be awarded; and all the documents upon which it is awarded, must be filed with the court.

PATERSON, Circuit Justice:—We pay no respect to persons. The law operates equally upon all; the high and low, the rich and poor. If we issue a subpœna to a justice or a judge, and it is not obeyed, we should be more strict in our proceedings against such characters, than against others, whose office did not so strongly point out their duty.